UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kenneth Munson, | : | Case No. 1:14-cv-382 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| Bioneutral Group, Inc., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Plaintiff, Kenneth Munson, filed a complaint against Bioneutral Group, Inc. on

May 9, 2014.  (Doc. 1) He alleges that the Defendant, Bioneutral Group, Inc. ("BNG"),

breached a written employment agreement by failing and refusing to pay him agreed-

upon compensation and benefits.  He also alleges claims for fraud and breach of the

duty of good faith and fair dealing, alleging that BNG and its agents falsely

misrepresented certain relevant facts about his compensation and benefits, and the

financial prospects of the company that induced Munson to enter into the contractual

agreement.  He seeks damages caused by the breach, consequential damages,

punitive damages, and attorney's fees.

BNG was properly served with the summons and complaint on August 18, 2014

(Doc. 8), and has not appeared or answered the complaint.  The Clerk has entered

BNG's default (Doc. 1), and Munson thereafter filed a motion for a default judgment.

(Doc. 11) The motion is supported by Munson's affidavit, detailing the basis for his

request for damages, and the affidavit of his attorney, George M. Reul, Jr., regarding

the amount sought for attorney's fees.

Fed. R. Civ. Proc. 55(b)(2) provides that if damages sought are not for a sum certain, or an amount that can be made certain by computation, the Court should conduct an evidentiary hearing in order to determine the appropriate amount of damages to be awarded.  Since the motion seeks consequential and punitive damages, in addition to breach of contract damages, the Court held a hearing on Munson's motion on April 20, 2015.  Mr. Munson testified about his extensive business background in the chemical industry; his initial dealings with BNG surrounding the execution of the contract, and his decision to terminate his relationship with BNG after multiple promises by the company went unfulfilled.

The Court finds that the record before the Court, including Munson's written motion, his complaint and the attached contracts, and Munson's hearing testimony, are sufficient to determine the amount of damages that should be awarded to Munson. Munson is entitled to recover contract damages in the net amount of $214,515.99, calculated by determining his base compensation due and not paid of $240,500, less $25,984.01 he realized from the sale of BNG shares he received in 2013.  The Court finds that his request for attorney's fees of $9,081.00 and costs of $750.64, as detailed in the affidavit of George Reul, is both reasonable and that the fees are well within the range of fees routinely awarded in this district.

The Court also concludes that Munson should be awarded extra-contractual punitive damages in the amount of $240,000, which is an amount roughly comparable to his contract damages.  Munson's testimony supports a conclusion that BNG and its agents materially misrepresented facts about the company's prospects and its abilities to produce and market the technology, with the intent to induce Munson to give up his

own consulting business and enter into the contract with BNG.  BNG's false

inducements and its failure to deliver on its promises to Munson caused him serious

financial and emotional distress.  He also testified about out-of-pocket expenses he

incurred on behalf of BNG, for which BNG promised to reimburse him but failed to do

so.  And he was forced to withdraw funds from his retirement account, and paid a tax

penalty of $2,922 for that withdrawal.  The Court finds that an award of $240,000 in

punitive damages is sufficient to compensate Munson for his emotional distress, his tax

payments, his unreimbursed expenses, and to adequately punish the Defendant.

For all of these reasons, the Court hereby enters judgment in favor of Plaintiff,

Kenneth Munson, and against Defendant, Bioneutral Group, Inc., in the total amount of

$464,347.63, together with post-judgment interest at the legal rate set forth in 28 U.S.C.

§1961, compounded annually.  That rate, the weekly average 1-year constant maturity

Treasury yield for the week ending April 17, 2015, was 0.23%.[1]

SO ORDERED.

THIS CASE IS CLOSED.

DATED: April 21, 2015                                         s/Sandra S. Beckwith
                                                                         Sandra S. Beckwith, Senior Judge
                                                                         United States District Court

---

[1] See www.federalreserve.gov/releases/h15/current/, last accessed April 20, 2015.

-3-